UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:04-cr-40080 |
| ) | |
| JOHNNY JOE DESILVA, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 163). Probation has submitted a Memorandum finding Defendant's proposed release plan suitable but otherwise declining to take a position on his request. (Dkt. 171). The Government has filed a Response (dkt. 167), and Defendant has filed a Reply (dkt. 173) with the Court's leave. This matter is therefore ripe for review. For the reasons stated herein, Defendant's motion is denied.

### BACKGROUND

Defendant Johnny Joe DeSilva, Jr., founded a chapter of the Latin Kings gang in East Moline and rose to be the highest-ranking member of the Latin Kings in the Quad Cities area. *United States v. DeSilva*, 706 F. App'x 330, 331 (7th Cir. 2017) (*DeSilva II*). His activities with that organization resulted in an indictment containing counts for conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, violent crime in aid of racketeering

(VICAR) in violation of 18 U.S.C. § 1959(a)(6) and 18 U.S.C. § 2, using or carrying a firearm during and in relation to the VICAR offense in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2, and communicating interstate threats to kidnap or injure in violation of 18 U.S.C. § 875(b). *United States v. DeSilva*, 505 F.3d 711, 714 (7th Cir. 2007) (*DeSilva I*). A jury convicted him on all counts. *Id.*

This Court initially sentenced Defendant concurrent sentences of 360, 36, and 240 months on the controlled substance, VICAR, and threatening charges, and a consecutive sentence of 120 months on the § 924(c) count. *Id.* Amendment 782 to the Sentencing Guidelines would have reduced Defendant's offense level from 40 to 38; pursuant to 18 U.S.C. § 3582(c)(2), Defendant brought a motion seeking a reduction to the 360-month sentence in light of Amendment 782. *DeSilva II*, 706 F. App'x at 330. Because the Government argued Defendant's affiliation with the Latin Kings presented a risk to public safety, the Court conducted a hearing to determine whether and to what extent Defendant's motion should be granted. (Dkts. 149, 150). The evidence adduced at the hearing demonstrated Defendant had a continued affiliation with the Latin Kings and maintained an influential role therein. (Dkt. 150 at 14–17). The Court concluded his continued association with the Latin Kings made him a risk to the community and granted him only the equivalent of a one-level reduction because although his "post-incarceration conduct was positive and weighed in favor of a reduction, . . . his continued membership and influential role in the Latin Kings rendered an earlier release a risk to public safety and weighed against a reduced sentence." *DeSilva II*, 706 F. App'x at 331.

> The Seventh Circuit affirmed, noting Defendant's
>
> clear record in prison could not be assumed to reflect a change of heart, as opposed to a reflection of his propensity to engage in violent conduct through others rather than by his own hands. Moreover, as noted above, his prior term of imprisonment did not diminish that criminal association; he departed with a higher rank and more power in the gang than when he entered.

*Id.* at 331–32.

Defendant is currently incarcerated at the Federal Correctional Institution at Elkton (FCI Elkton). (Dkt. 163 at 1). FCI Elkton has, according to Defendant's submissions, been hit particularly hard by the current COVID-19 pandemic. (Dkt. 173 at 3–4). Defendant tested positive for COVID-19 and was intubated for 15 or 16 days, suffering from kidney and respiratory failure among other issues; he continues to grapple with the lingering effects of the disease. (Dkt. 163 at 4; Dkt. 167 at 6). Defendant also had and still has chronic severe obesity, diabetes, and hypertension. (Dkt. 163 at 4; Dkt. 167 at 6). His obesity and diabetes place him at higher risk of complications from COVID-19 should he be reinfected. (Dkt. 167 at 23). Fear of such reinfection and complications, along with the health complications he has already suffered, form the basis of Defendant's request for compassionate release.

## LEGAL STANDARD

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to ask the sentencing court for compassionate release. Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239. The compassionate release statutory scheme also incorporates a policy statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13. *See* 18 U.S.C. 3582(c)(1)(A) (requiring any reduction be "consistent

3

with applicable policy statements issued by the Sentencing Commission"); 28 U.S.C. §§ 994(a)(2)(C), (t) (requiring the Sentencing Commission to promulgate the relevant policy statement). Between statutory requirements and the policy statement, there are four relevant inquiries when a defendant moves for compassionate release.

First, a defendant may not bring a compassionate release motion until the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Some courts have held this requirement may be waived, *e.g. United States v. Coles*, ___ F. Supp. 3d ___, No. 18-CR-20254, 2020 WL 1899562, at *4 (E.D. Mich. Apr. 17, 2020), while others have held it may not, *e.g. United States v. Albertson*, No. 116-CR-00250, 2020 WL 1815853, at *2 (S.D. Ind. Apr. 8, 2020). The undersigned has yet to decide that question.

Second, the defendant must either be at least 70 years of age and have served 30 years of the sentence for which the defendant is currently imprisoned, 18 U.S.C. § 3582(c)(1)(A)(ii), or demonstrate "extraordinary and compelling reasons warrant" compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i). The policy statement sets forth four circumstances which constitute "extraordinary and compelling reasons": (A) the defendant's medical condition; (B) the defendant's age; (C) the defendant's family circumstances; and (D) "other reasons" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. The undersigned has determined the commentary to the Sentencing Commission's policy statement remains binding as to

its definition of extraordinary and compelling circumstances, despite being outdated. *United States v. Garcia*, ___ F. Supp. 3d ___ No. 4:05-CR-40098, 2020 WL 2039227, at *5 (C.D. Ill. Apr. 28, 2020).

Third, the court must determine "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Fourth and finally, the Court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582.

## DISCUSSION

In view of the Government's concession that Defendant has demonstrated extraordinary and compelling circumstances (dkt. 167 at 23–24), the remaining issues between the parties are exhaustion, whether Defendant presents a danger to the community or any other person, and whether the § 3553(a) factors support Defendant's request. The exhaustion question in this matter is particularly knotty. There is a factual dispute; Defendant maintains he filed a request for compassionate release on May 3, 2020, and with no action by BOP by June 6, 2020, filed the instant motion. (Dkt. 173 at 1–2). He also notes he filed a second request on May 22, 2020, which was denied on May 27, 2020. (Dkt. 173 at 2). The Government states Defendant filed his request on May 21, 2020, it was denied on May 27, 2020, and Defendant failed to appeal the denial. (Dkt. 167 at 5, 23). Although it notes Defendant mentioned a May 3, 2020, request, the Government says the only documentation the BOP has provided relates to the May 21 request. (Dkt. 167 at 5). There is also a legal dispute; Defendant argues in the alternative the Court can waive the failure to exhaust (dkt.

5

173 at 2), while the Government maintains the Court may not (dkt. 167 at 16). The Court need not decide either question, however, because even assuming exhaustion does not bar Defendant's filing, the Court finds he is not entitled to relief.

The Court cannot conclude, as required to grant Defendant's motion, that releasing him would not present a danger to the community. The reason for this is Defendant's affiliation with and position in the Latin Kings gang. The Government argues Defendant "has historically and will continue to direct the violent behavior of others" in his position as a "shot-caller" in the Latin Kings. (Dkt. 167 at 26). The Court cannot dismiss these concerns.

In his motion, Defendant argued only that "his poor health realistically forecloses the probability of recidivism or a risk to the community, and the fashioning of strict conditions of release could also mitigate any risk to the community." (Dkt. 163 at 8). Replying to the Government, he states its argument "relies on [Defendant's] behavior from over 16 years ago, non-specific hearsay regarding alleged gang affiliation, and . . . does not properly take into account his current status." (Dkt. 173 at 6).

Defendant's arguments, however, do not sway the Court's view. Defendant's poor health and age might make it less likely he will personally commit acts of violence, but his position in the Latin Kings allows him to order others to commit violence on his behalf. His association with the Latin Kings was originally proven beyond a reasonable doubt, *DeSilva I*, 505 F.3d at 714, and as recently as three years ago this Court found his "continued association with the Latin Kings in prison

demonstrated that his release could pose an ongoing threat to the public safety," a determination the Seventh Circuit upheld. *DeSilva II*, 706 F. App'x at 332 (7th Cir. 2017). Defendant has not given the Court any reason to conclude he has disassociated from the Latin Kings or lost his status within the gang. While the Court is deeply sympathetic to Defendant's ongoing health struggles, it cannot conclude Defendant's release would not pose a threat to the community because it cannot reasonably conclude he is not a high-ranking gang member with the power to order others to commit violence on his behalf.

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (dkt. 163) is DENIED.

SO ORDERED.

Entered this 6th day of July 2020.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge