IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JOHNNY DESILVA, JR.,<br>    Defendant. | Case No. 4:04-CR-40080-JEH-1 |

**Order**

Now before the Court is the Defendant, Johnny DeSilva, Jr.'s (DeSilva), motion to reconsider the Court's denial of his most recent motion for compassionate release. For the reasons state, *infra*, the motion is denied.[1]

**I**

**A**

An indictment was filed on September 16, 2004, charging DeSilva with multiple counts, including conspiracy to distribute cocaine and violent crimes in aid of racketeering. He was arraigned on September 22, 2004, and pleaded not guilty to all counts. A jury trial commenced on October 17, 2005, and concluded on October 25, 2005, with guilty verdicts on all counts. Sentencing took place on February 3, 2006, where DeSilva was sentenced to 360 months on Count 1S, 36 months on Count 2S, 240 months on Counts 4S and 5S, all to run concurrently, and 120 months on Count 3S to run consecutively. He filed a notice of appeal on February 9, 2006, and the judgment was affirmed on November 6, 2007. On April 10, 2017, his sentence was reduced to 324 months on Count 1S, with further

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

reductions granted, the latest on October 3, 2024, reducing the sentence on Count 1S to 292 months.

**B**

Since 2020, DeSilva, has filed multiple motions for compassionate release over the subsequent years. The first motion for compassionate release was filed on June 6, 2020, under 18 U.S.C. § 3582(c)(1)(A). The government responded to this motion on June 15, 2020, and DeSilva filed a reply on June 29, 2020. This motion was denied by Judge Joe Billy McDade on July 6, 2020.

DeSilva then filed another motion for compassionate release on March 28, 2023. This motion was dismissed without prejudice on March 30, 2023, with the court instructing DeSilva to file a current motion without referencing previous ones. DeSilva filed a second motion for compassionate release on April 14, 2023, but it was dismissed with prejudice on April 19, 2023, due to his failure to file a current motion as directed

On February 15, 2024, DeSilva filed another motion for compassionate release. This motion was initially docketed incorrectly as a memorandum but was later recognized as a motion for compassionate release on April 9, 2024. However, the court denied this motion on May 30, 2024, due to DeSilva's failure to exhaust administrative remedies.

DeSilva filed another motion for compassionate release on November 26, 2024. The government was ordered to respond by December 17, 2024, and they filed their response on December 17, 2024. This motion was denied on January 31, 2025. DeSilva then filed the motion for reconsideration of that denial on February 24, 2025. The Court then appointed the Federal Public Defender and ordered him to file a status report or amended motion "if they deem appropriate." (Text Order of 3/6/2025). Then, on April 7, 2025, the Federal Public Defender filed a "Notice

Not to Amend Motion to Reconsider," indicating that it had nothing to add to the *pro se* motion already on file.

## C

In DeSilva's motion to reconsider, he argues for the reconsideration of the court's previous denial of his compassionate release based on several grounds. First, he highlights what he calls significant changes in the law, specifically Amendment 821 to the U.S. Sentencing Guidelines, which provides new criteria for sentencing reductions, particularly for defendants with unusually long sentences. He argues that these changes create a gross disparity between his current sentence and what would likely be imposed now, justifying reconsideration.

Second, he asserts that new medical evidence indicates a deterioration in his health, including progressive neuropathy and complications from long-term diabetes and post-COVID syndrome. He asserts that the Bureau of Prisons (BOP) has failed to provide adequate long-term care, meeting the criteria for compassionate release under U.S.S.G. § 1B1.13(b)(1)(C).

Third, he emphasizes his rehabilitation and reduced risk to public safety, positing his alleged disassociation from gang activity, participation in rehabilitation programs, and an exemplary institutional record with no disciplinary infractions in the past five years. He argues that these factors, combined with the updated legal framework, support his readiness for reintegration into society.

Finally, he contends that the court misapplied the § 3553(a) factors by overemphasizing his past gang affiliation and failing to adequately consider his rehabilitation efforts, age, deteriorating health, and the disproportionate impact of his lengthy sentence.

III

"The Federal Rules of Criminal Procedure do not have a counterpart to Rule 60(b) of the Federal Rules of Civil Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2024). Instead, criminal defendants may invoke the common-law practice of moving to reconsider rulings denying sentence-reduction requests, but they must do so within the time to appeal—14 days. *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014). Motions filed outside of the 14-day time limit, as here, are "ineffectual" attempts to reconsider a prior sentence-reduction request; instead courts should treat them as new motions for a sentence reduction. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). DeSilva's motion to reconsider therefore is deemed a new motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the Court will analyze it as such. However, "'there is a presumption against revisiting previously decided issues; '[u]nder the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation.'" *SFG v. Musk*, No. 19-cv-02198, 2021 WL 972887, at *1 (N.D. Ill. Feb. 10, 2021), *quoting United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (citations omitted).

The law of the case doctrine governs much of what DeSilva asserts in his motion. Specifically, Amendment 821 to the U.S. Sentencing Guidelines was effective on November 1, 2023, and in effect when DeSilva filed his compassionate release motions of February 15, 2024, and November 26, 2024. Moreover, the Court considered DeSilva's "change in law" arguments in its Order of January 31, 2025. (D. 207). DeSilva presents nothing in his latest motion that he did not already present, or could have presented, as it relates to changes in law in his previous motion. Accordingly, the Court will not again address that issue. *See, supra*, Section II.A.

4

The same is true for his argument related to his rehabilitation, reduced risk to public safety, and the balance of § 3553(a) factors. All of these facts were considered by the Court in its Order of January 31, 2025, and nothing about these facts have changed in any substantive way since that Order and the filing of DeSilva's current motion, which was docketed less than a month after the Court's Order. Again, the Court will not needlessly re-address these issues.

Finally, although DeSilva asserts something has changed about his medical condition between this Court's Order of January 31, 2025, and his new motion of February 24, 2025, the medical issues he cites are the same ones he has already raised with the Court and which have been rejected as a ground for granting compassionate release.

In other words, DeSilva's motion to reconsider, which the Court deems as yet another compassionate release motion, raises nothing new. As such, the motion is denied.

## IV

For the reasons stated, *supra*, the Motion for Reconsideration, deemed a new motion for compassionate release, is denied. (D. 208). The Defendant is warned that any new compassionate release motions will be denied via Text Order with citation to this Order unless they present genuine, new information not already considered by the Court.

*It is so ordered.*

Entered on April 8, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE